## T. R. RINGO v. STATE.

No. A.-7930.   Opinion Filed Aug. 15, 1931.
(2 Pac. [2d] 284.)

Stephenson, Proffit & Shackelford, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Okfuskee county of manslaughter in the first degree, and his punishment fixed by the court at imprisonment for 10 years in the state penitentiary.

The record discloses that on October 22, 1929, the defendant, a negro, shot and killed one M. A. Combs, another negro, near the town of Boley.   Judgment was entered on February 17, 1930; the appeal was lodged in this court July 25, 1930.   No briefs in support of the appeal have been filed, and no appearance for oral argument was made   at the time the case was submitted.   Where an appeal from a conviction for a felony is prosecuted to this court and is not supported by brief or oral argument, this court will examine the record for juris-

dictional or fundamental errors, and will read the evidence to ascertain if it reasonably supports the verdict and judgment; if no such errors appear and the evidence supports the verdict and judgment, the case will be affirmed.

On account of the gravity of the case, we have examined the record with care and find no material error. The record discloses that, on the day before the date charged, defendant and deceased had had some controversy over the division of some potatoes, jointly grown on defendant's land. That on the morning of the homicide, deceased went to defendant's barn as usual to get the team and wagon to pick cotton, being jointly grown by defendant and deceased. That defendant came out of his house to where deceased was, and after some controversy went back into the house, got a Winchester rifle, and walking out into his back yard near a stack of cane, saw deceased looking over the fence at him and shot him in the chin, the bullet severing the spinal cord and producing instant death. When parties reached the deceased, he was lying on his back with a curry comb in his right hand and no weapon in his hand or about his pockets. Defendant claimed he thought he saw deceased make some move and he was afraid he was going to shoot him and fired in his self-defense. Defendant's testimony does not support his claim of self-defense and he is unsupported by any other witness. The jury was lenient in finding defendant guilty only of manslaughter in the first degree.

No reason to disturb the verdict appearing, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.